IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 2 6 2012

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION NO. 12-3128 |
| v. ) ) ) | COMPLAINT |
| DOLGENCORP, LLC and DOLLAR GENERAL CORPORATION d/b/a DOLLAR GENERAL STORE BULL SHOALS ) ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Nancy Bohl and another female who were adversely affected by such practices. As alleged with greater particularity in Paragraphs 8a-10i below, the Commission claims Defendants Dolgencorp, LLC and Dollar General Corporation allowed the store manager to sexually harass Nancy Bohl and another female. Further, Defendants knew or should have known that the harassment was occurring and failed to take proper remedial action against the harasser.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Western District of Arkansas, Harrison Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Dollar General Corporation (the "Employer" or "Defendant") has continuously been a Tennessee corporation doing business in the State of Arkansas and the City of Bull Shoals, and has continuously had at least 15 employees. At all relevant times, Defendant Dolgencorp, LLC (the "Employer" or "Defendant") has continuously been a wholly owned subsidiary of Dollar General Corporation and is a foreign limited liability company doing business in the State of Arkansas and the City of Bull Shoals, and has continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Nancy Bohl filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2010, Defendants have engaged in unlawful employment practices at its Bull Shoals, Arkansas store, in violation of §703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

8. The unlawful employment practices involved subjecting Ms. Nancy Bohl to unwelcome sexual harassment because of her sex, female.

   a. Defendant hired Ms. Bohl as an Assistant Manager in July of 2008. In October of 2008, Ms. Bohl became a part-time sales associate, and in November of 2009, Defendants promoted her to a lead sales associate position.

   b. In late March of 2010, Defendants transferred Wayne Motes from another store to the store manager position in Bull Shoals, AR, and he supervised Ms. Bohl.

   c. Around April 2010, Mr. Motes began sexually harassing Ms. Bohl.

   d. Among other things, Mr. Motes continually stared at Ms. Bohl in a sexual manner.

   e. Mr. Motes continually stated he wanted to squeeze Ms. Bohl's breasts.

   f. Mr. Motes asked to slap Ms. Bohl's rear end.

   g. Mr. Motes pointed to his groin and asked Ms. Bohl if she wanted some of this.

  h. Mr. Motes also appeared at Ms. Bohl's home unannounced and uninvited on several occasions under the pretense of store business

  i. The unwelcome sexual harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Ms. Bohl's employment and to create a sexually hostile work environment.

  j. On or about May of 2010, Ms. Bohl called Defendants' corporate hotline and complained about Mr. Mote's sexual harassment.

  k. On or about May of 2010, Ms. Bohl complained to the assistant manager about Mr. Mote's sexual harassment.

  l. Defendants never investigated Ms. Bohl's complaints.

  m. Defendants failed to take appropriate remedial measures to protect Ms. Bohl from sexual harassment.

  n. Defendants are strictly liable for the sexual harassment of Ms. Bohl because of Mr. Motes' status as store manager at Defendants' Bull Shoals, Arkansas facility.

9. The effect of the practices complained of in paragraphs 8a-n has been to deprive Ms. Bohl of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

10. The unlawful employment practices also involved subjecting another female employee to unwelcome sexual harassment because of her sex, female.

  a. Defendants employed another female employee as a cashier whom Mr. Motes sexually harassed.

  b. Store Manager Wayne Motes supervised the employee as well.

  c. Mr. Motes regularly looked this employee up and down in a sexual manner.

  d. Mr. Motes touched this employee on her rear end.

  e. Mr. Motes made comments about her rear end on a daily basis.

  f. Mr. Motes told the employee that he wanted to have sex with her.

  g. The unwelcome sexual harassment was sufficiently severe and/or pervasive to alter the terms and conditions of the other female employee's employment and to create a sexually hostile work environment.

  h. Defendants failed to take appropriate remedial measures to protect this other female employee from sexual harassment.

  i. Defendants are strictly liable for the sexual harassment of this other female employee because of Mr. Motes' status as store manager at Defendant's Bull Shoals, Arkansas facility.

11. The effect of the practice(s) complained of in paragraph(s) 10a-i above has been to deprive the other female employee of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex.

12. The unlawful employment practices complained of in paragraphs 8 and 10 above were intentional.

13. The unlawful employment practices complained of in paragraph 8 and 10 above were done with malice or with reckless indifference to the federally protected rights of Ms. Bohl and another female employee.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment and any other employment practice which discriminates on the basis of sex, female.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Ms. Bohl and another female employee by providing any affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendants to make whole Ms. Bohl and another female employee by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 10 above, in amounts to be determined at trial.

E. Order Defendants to make whole Ms. Bohl and another female employee by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 and 10 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants to pay Ms. Bohl and another female employee punitive damages for their malicious and reckless conduct described in paragraphs 8 and 10 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Faye A. Williams by PD*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

*Joseph Crout by PD*
**JOSEPH CROUT**
Supervisory Trial Attorney
TN Bar No. 012957

*Markeisha Savage by PD*
**MARKEISHA SAVAGE**
Trial Attorney
TN Bar No. 024693

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN  38104
Telephone:   (901) 544-0136
             (901) 544-0133

/s/ Pamela B. Dixon
**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone:    (501) 324-5065
pamela.dixon@eeoc.gov