IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.

DOLGENCORP, LLC and DOLLAR GENERAL
CORPORATION d/b/a DOLLAR GENERAL
STORE BULL SHOALS,

    Defendant.

CIVIL ACTION NO.
3:12-cv-03128-PKH

---

## AGREED PROTECTIVE ORDER

---

    Plaintiff Equal Employment Opportunity Commission and Defendant Dolgencorp, LLC, by and through counsel of record, have agreed to the following with respect to certain matters disclosed or produced in discovery.

    1.    Both parties have sought, through discovery in this matter, information, and documents that the responding party contends contains personal, private, and/or confidential information regarding aggrieved individuals, non-party employees, and former employees of Defendant which generally is not disclosed. Additionally, Plaintiff has sought, through discovery, information and documents that Defendant contends contain trade secrets, and confidential and/or proprietary business information of Defendant which it generally does not disclose.

    2.    The parties contend that release or publication of this information or these documents could cause the parties and/or the non-party employees harm, annoyance, embarrassment, and/or oppression.

3. The parties are willing to produce certain information and documents that may be relevant or which has been requested on the condition that this Protective Order be entered by the Court in order to protect said information and documents from disclosure to the public generally or for purposes other than prosecuting or defending the claims of the parties in this case.

NOW, THEREFORE, it is hereby ordered, pursuant to Federal Rule of Civil Procedures 26(c), as follows:

1. "Document," for purposes of this Order, encompasses all written, recorded, or graphic material, including all electronically stored information.

2. Any and all information and documents that the producing party contends contains personal, private and/or confidential information regarding identified aggrieved individuals, non-party employees and former employees of Defendant which generally is not disclosed, and any and all information and documents that Defendant contends contain trade secrets, and confidential and proprietary business information of Defendant which it generally does not disclose may be designated by the producing party as "CONFIDENTIAL."

3. Any and all documents or other materials or information produced by Plaintiff or identified aggrieved individuals on whose behalf Plaintiff seeks relief, which contain medical information, are hereby designated "CONFIDENTIAL."

4. Any and all documents or other materials or information produced by Defendant in the course of this litigation, which contain confidential personal information (including without limitation addresses, telephone numbers, Social Security numbers, date or birth, account numbers, compensation and financial information, reference checks, performance and disciplinary records, complaints or grievances) concerning Defendant's employees or former

employees who are not named parties/aggrieved persons to this action are hereby designated "CONFIDENTIAL."

5. Additional materials, documents, or information may be designated "CONFIDENTIAL" by either the materials or documents being labeled "CONFIDENTIAL" by stamp or other means at the time of production, or during deposition by stating the intention to treat the materials or documents as "CONFIDENTIAL," with subsequent written confirmation. The party designating additional documents, materials, or information as confidential under this order must act in good faith in making such designation. The party receiving information designated confidential shall have 14 days to challenge the designation. If the parties are unable to informally resolve a challenge, the party challenging the designation may petition the court for an order removing the "CONFIDENTIAL" designation.

6. Documents or information produced that are designated "CONFIDENTIAL" shall be used by the opposing party, or those working on that party's behalf, only for litigation of this action and shall not be used for any other purposes. Disclosure of confidential documents or information shall be limited to the parties' attorneys or legal interns, experts or consultants, the support and clerical personnel working with such attorneys, legal interns, experts, consultants, or court reporters or videographers. To the extent that it may be necessary for purposes of this litigation to disclose confidential documents, materials or information, prior to trial, to a witness or potential witness, counsel shall advise the witness of the confidentiality provisions of this order.

7. Documents or information produced that are designated "CONFIDENTIAL" shall be used only for legitimate purposes in this litigation of this action and shall not be used for any other purposes. Confidential documents or information shall not be used to further or disrupt the

personal or business interests of any person or business (other than the preparation, prosecution and defense of claims and defenses in this litigation). Under no circumstance shall any party or representative of any party to this litigation provide or disclose any confidential documents, materials or information except as otherwise expressly allowed under the terms of this Order.

8. Prior to disclosure of any confidential documents or information to any witness, expert, or consultant, Plaintiff's counsel shall obtain the signature of each such person to whom the information is to be disclosed on a copy of this Protective Order. The person's signature on this Order constitutes an acknowledgement that they have read and agree to comply with the terms of this Order unless and until the same is modified by a subsequent Order of the Court.

9. It is the purpose of this Protective Order to prevent prolonged discovery disputes between the parties and public disclosure of documents and information that the parties claim are confidential, but which is being produced for purposes of discovery in this action, without the necessity for presently deciding whether such non-public documents or information would ultimately be determined to be confidential or proprietary in the strict legal sense.

10. Nothing herein shall preclude the parties' counsel from agreeing to waive any "CONFIDENTIAL" designation that had been made.

11. Nothing herein shall affect or inhibit the right of either party to admit into evidence at trial, or to object to the admission into evidence of any such document.

12. Should either party believe that it is necessary for purposes of preparation for the trial in this matter to file any information previously designated as CONFIDENTIAL with the Court, the party seeking to disclose will inform counsel of opposing party in writing of the information it proposes to disclose at least five days prior to filing. Opposing counsel shall then have the opportunity, prior to filing, advise the party seeking to disclose whether s/he consents to

such disclosure, or if consultation between the parties regarding the disclosure, to move the Court to have any confidential documents filed under seal. Should opposing counsel, after consultation between the parties, move the Court to have the confidential material filed under seal, the party seeking to disclose will refrain from filing confidential documents and information in the Court's electronic case filing system until such time that the Court has ruled on the opposing party's motion.

13. Either party may at any time seek modification, revision, clarification, or termination of this Order. This Protective Order shall be binding on the parties hereto when signed regardless of whether or when the court enters its Order.

So ordered this 24th day of June 2013.

P.K. Holmes, us
UNITED STATES DISTRICT JUDGE

5

Approved for Entry:

s/Pamela B. Dixon

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Pamela B. Dixon
Equal Employment Opportunity Commission
820 Louisiana Street, Ste. 2000
Little Rock, AR 72201

**COUNSEL FOR PLAINTIFF**

s/J. Dylan King
Louis P. Britt III (TN BPR 5613)
lbritt@fordharrison.com
J. Dylan King (TN BPR 28179)
dking@fordharrison.com
FordHarrison LLP
795 Ridge Lake Boulevard, Suite 300
Memphis, Tennessee 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501

**COUNSEL FOR DEFENDANT**